## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 06 C 949 |
| v. | ) ) | Chief Judge Kocoras |
| FRANKLIN BANK, S.S.B., | ) ) ) | |
| Defendant. | ) | |

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, G.M. SIGN, INC., an Illinois corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, FRANKLIN BANK SSB, (herein "Defendant").

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's policy and practice of faxing unsolicited advertisements.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements.  The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3.    Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax also causes the recipient to waste valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Plaintiff contends that there is no federal question jurisdiction.  Citing *Brill v. Countryside*, 427 F.3d 446 (7th Cir. 2005), however, this Court denied Plaintiff's Motion for Remand.  If there is federal jurisdiction, then this District is the appropriate venue for this litigation.  Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all damages and fees.

## PARTIES

7.    Plaintiff, G.M. SIGN, INC., is an Illinois corporation with its principal place of business in Round Lake, Illinois.

8.    On information and belief, Defendant, FRANKLIN BANK, SSB, is a bank that does business in Illinois.

2

## FACTS

9.      On or about March 29, 2005, Defendant transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine.  A copy of the facsimile is attached hereto and marked as Exhibit A.

10.      Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

11.      On information and belief, Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients.

12.      There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

13.      Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

14.      In accordance with 735 ILCS 5/2-801, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

15.      A class action is proper in that:

3

(a)     On information and belief the class consists of forty (40) or more persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     Whether the facsimiles sent by Defendant advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(v)     Whether Defendant violated the provisions of 47 U.S.C. § 227; and

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages.

16.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel is experienced in handling class actions and claims involving unsolicited faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

4

17.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

18.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

19.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

20.     The TCPA provides:

> 3.  <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

21.     The TCPA is a strict liability statute, so Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

22.     Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

23.     Defendant failed to include the following material information on the facsimile as required by 47 U.S.C. § 227(d)(1)(B) and 47 CFR § 68.13(d):  the identity of the sender, the telephone numbers of the sending machine and of the sender.

24.     Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose.  Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, G.M. SIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, FRANKLIN BANK SSB, as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

C.    That the court award costs and such further relief as the court may deem just and proper.

Respectfully submitted,

G.M. SIGN, INC., individually and as the representative of a class of similarly-situated persons

By:    _Brian J. Wanca_____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
PHILLIP A. BOCK, P.C.
20 N. Wacker Drive, Suite 1741
Chicago, IL 60606
Telephone: 312/334-1970

**EXHIBIT A**

# Which One Would You Choose?

## CHOICE A

| | Balance | Payment |
|---|---|---|
| Current Mtg. | $75,000 | $699 |
| 2nd. Mtg. | $15,000 | $202 |
| Credit Card | $4,000 | $120 |
| 2nd Credit Card | $6,000 | $180 |
| **Total** | **$100,000** | **$1,201** |

## CHOICE B

Consolidate into One Low Monthly Payment of

### $557.92

TOTAL SAVED PER MONTH

### $643.08

## Rates Start As Low As 1.00%

Same Day Approval

Quick Closings

Refinance or Purchase

Bankruptcy-Buy Out

No Income Verification

Get Cash Out For Any Reason

Call the experts for a FREE analysis!!

## 1-877-489-8777

Good Credit or Bad Credit, We've Got a Program Fitted Just For You!!

Loan payment based on $103,000 @ 6.5% for 30 years . APR is 6.723%. *Interest only for 10 years fixed at 6.5%. The remaining balance amortized over 20 years at 6.5% fixed. Interest rate, years & APR will vary based upon loan amount the market and individual's approved credit.The use or dissemination of this material by any other person or entity is expressly prohibited. All loan programs subject to credit and property underwriting guidelines. Rate and terms are subject to change without notice.All loan programs may not be available in all states.