UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 06 C 949 |
| FRANKLIN BANK. S.S.B., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

The following matter is before the court on Defendants, Franklin Bank, S.S.B.'s ("Franklin Bank"), Motion for Leave to File Third-Party Complaint Instanter. For the reasons set forth below, the motion is granted.

## BACKGROUND

The relevant facts are gleaned from the allegations set forth in G.M. Sign's Complaint. In addition, we have supplemented the facts with those provided in the parties' filings, including those found in the Third-Party Complaint, which we accept as true for this Motion only.

Franklin Bank is a Texas Chartered state savings bank, with its headquarters and principal place of business located in Houston, Texas. Although headquartered in Houston, Texas, Franklin bank also maintains offices in over two dozen other states. In or about late January or early February of 2005, Robert Cress ("Cress"), manager of the Mineral Wells, Virginia Franklin Bank office, began speaking with Jon Connor ("Connor"), an Executive Account Manager with ActiveCore Technologies, Inc. ("ActiveCore"), about certain facsimile broadcast services that ActiveCore provides. ActiveCore is a Canadian company based in Ontario. On February 9, 2005, Connor emailed Cress, inviting him to visit ActiveCore's internet Website. On February 10, 2005, Cress sent Connor an email stating:

> "I reviewed the terms and conditions section of the website and do not see where activecore assumes responsibility for state laws regarding broadcast faxes and retention and maintenance of "do not fax lists." If you could please provide me those sections of the terms and conditions or would want to fac or email me something on activecore letterhead stating that, I can begin to transmit using your system."

That same day, Connor responded to Cress' email indicating:

> "The removal numbers are added as per your instructions and remain on all your broadcasts unless you decide your company wants to handle the removals. As for the broadcasts, I have attached the details for your review.

Also attached to Connor's response email was a document in electronic format entitled "customer indemnity letter.doc" ("the Indemnity Document"), paragraph 2.2 of which states:

You agree to indemnify and hold Franklin Bank SSB, Inc. [sic] and its subsidiaries, affiliates, shareholders, officers, directors, agents, licensors, suppliers, alliance members, other partners, employees and representatives harmless from any claim or demand, including reasonable attorney's fees, made by any third party due to or arising out of Your Content, Your use or connection to the Website (including any use by You on behalf of Your employer), Your violation of the Terms, or Your violation of any rights of another.

The Indemnity Document goes on to say:

To the full extent permitted by law, Franklin Bank SSB, Inc. [sic] not liable for any direct, indirect, punitive, special, incidental, consequential, or exemplary damages (including, without limitation, loss of business, revenue, profits, goodwill, use, data, arising out of or in connection with the Website, even if Franklin could have foreseen, the possibility of such damages, however, they arise, whether in breach of contract or in tort.

Both Connor's emails and the indemnity letter were electronically signed by Connor in his capacity as ActiveCore's Executive Account Manager.

Subsequently, Cress decided to use ActiveCors's facsimile broadcast services. However, prior to the sending of any facsimiles ActiveCore provided Franklin Bank a list of telephone numbers to which the content would be broadcast, checked the integrity of the list, and reviewed the quality with of the content with Franklin Bank. ActiveCore broadcasted certain content at Cress's behest by facsimile on March 29, 2005, and on other occasions in the spring of 2005. G.M. Sign was a recipient of the facsimiles.

On May 10, 2005, G.M. Sign filed a putative class action complaint in Illinois state court claiming that Franklin violated the Federal Telephone Consumer Protection Act ("TCPA"), common law conversion, and the Illinois Consumer Fraud and Deceptive Business Practices Act. The complaint alleges that wrongdoing resulted from Franklin's unsolicited transmission of advertising via facsimile to G.M. Sign and a putative national class.

On July 5, 2005, the case was removed to this Court. Sixteen days later, on July 21, 2005, G.M. Sign voluntarily dismissed the action pursuant to Federal Rule of Civil Procedure 41(a). That same day, G.M. Sign filed a second action in Illinois state court alleging the same claims. On August 26, 2005, the second action was removed to this court and, subsequently, we dismissed that action without prejudice for insufficient service. On November 14, 2005, G.M. Sign again filed suit in Illinois state court asserting the same claims, and again, on February 21, 2006, the case was removed to this Court. On June 26, 2006, Franklin Bank filed its Answer to G.M. Sign's Complaint. Subsequently, on July 24, 2006, Franklin Bank filed the present Motion for Leave to File a Third-Party Complaint Instanter seeking.

## **LEGAL STANDARDS**

Rule 14(a) allows a defendant, as a third-party plaintiff, to implead a person not already a party to the action who "is or may be liable to the third-party plaintiff for all

or part of the plaintiff's claim against the third-party plaintiff." A defendant that files its third-party complaint more than 10 days after serving its answer must obtain leave to do so. The decision to grant leave is at the discretion of the trial court and depends on factors such as the timeliness of the motion and whether the proposed claim will unduly complicate the existing action. <u>Highlands Ins. Co. v. Lewis Rail Serv. Co.</u>, 10 F.3d 1247, 1251 (7th Cir.1993); <u>Laborers' Pension Fund v. McKinney Construction Corp.</u>, 2000 WL 1727779 (N.D.Ill.2000).

## **DISCUSSION**

Franklin Bank asserts that it is within its rights to seek indemnification and contribution from ActiveCore for claims arising out of the facsimile services because: 1) outcome of the third-party claims against ActiveCore are contingent upon the outcome of the claims in the original action; 2) the instant Motion comes only shortly after Franklin Bank's answer and, consequently, G.M. Sign would not be prejudiced or disadvantaged by the filing of the third-party complaint; 3) the third-party complaint will not prolong discovery, and 4) the filing of the third-party complaint will promote judicial efficiency by eliminating a separate suit against ActiveCore. In contrast, G.M. Sign objects to the instant Motion on the grounds that: 1) the alleged Indemnity Document is vague, ambiguous, and not an agreement; 2) no right of contribution or indemnity exists under the TCPA; and 3) Plaintiff fears the allowing the Third-Party

Complaint will result in the destruction of evidence by ActiveCore pertinent to the suit against Franklin Bank.

We first take issue with G.M. Signs standing to challenge the legal sufficiency of a third-party complaint that does not affect the original plaintiff's legal rights or interest. G.M. Sign has not provided us with any law supporting the notion that an original plaintiff may object to a defendant's motion to file a complaint seeking indemnification and contribution from a third-party on the ground of its legal insufficiency or inadequacy.

The instant case is similar to the facts presented in <u>Allegheny, Inc. v. LeMay</u>, where the Seventh Circuit was confronted with an appeal from an order dismissing a third-party complaint seeking indemnification and contribution. 448 F.2d 1341, 1342 (7th Cir. 1971). In <u>Allegheny</u>, both the third-party plaintiff and the six original plaintiffs moved to dismiss the appeal. <u>Id</u>. The Allegheny Court rejected the six original plaintiffs' motion, holding that "[a]s to the six plaintiffs, it is our opinion that while they may have some justifiable concern with respect to the retardation effect of the present proceeding on the progress of their lawsuit, they nevertheless have no standing in this court for the purpose of filing motions to dismiss the appeal." <u>Id</u>. at 1343.

Like the Allegheny Court, we are now confronted with an original plaintiff's objections to a third-party complaint. Just as in Allegheny, although G.M. Sign, as the original plaintiff, clearly has a concern with respect to the effect of the instant Motion on the progress of the lawsuit, it is quite evident that the outcome does not affect G.M. Sign's legal rights or interests. Consequently, G.M. Sign lacks standing to challenge the legal sufficiency of the present Motion.

Even if G.M. Sign had standing to object to the instant Motion, their remaining arguments fail. G.M. Sign contends that the alleged indemnification document did not constitute a contract because it is vague and ambiguous. Further, G.M. Sign argues that absent a contractual right to indemnification, the TCPA does not create a right to indemnification and, therefore, Franklin Bank's Motion fails as a matter of law. The problem with G.M. Sign's argument is that the original parties to the contract are not presently before us to assess their intentions surrounding the document, and will only be before us if the present Motion is granted. Therefore, G.M. Sign is in no position to make the argument that a contract allowing for indemnification between Franklin Bank and ActiveCore does not exist.

Turning briefly to Franklin Bank's arguments in support of the instant Motion, we have no reason to disagree with Franklin Bank's reasons why the Motion should be granted. Further, the instant Motion was filed only one month after Franklin Bank

filed its answer in the case, and there is no evidence supporting a finding that granting the Motion will complicate the existing action in any way. Consequently, the Motion to File Third-Party Complaint will be granted.

## **CONCLUSION**

For the reasons set forth above, Franklin Bank's Motion for Leave to File a Third-Party Complaint is granted.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated:     September 14, 2006