UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.M. SIGN, INC., )
)
          Plaintiff, )
)
vs. ) 06 C 949
)
FRANKLIN BANK, S.S.B., )
)
          Defendant. )

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff G. M. Sign, Inc. ("GM Sign") to certify a class of plaintiffs in its suit against Defendant Franklin Bank, SSB. For the reasons set forth below, the motion is denied.

## **BACKGROUND**

In 2005, Franklin Bank contracted with ActiveCore, a Canadian faxing company, to fax form advertisements to businesses in Illinois, Ohio, West Virginia, Maryland, Georgia, Virginia, North Carolina, South Carolina, Kentucky, Florida, and Colorado. GM Sign is an Illinois business that received one of the fax advertisements sent by ActiveCore on behalf of Franklin Bank on March 29, 2005. The message was a single

page and contained both text and images advertising mortgage refinancing and debt consolidation loan programs.

On May 10, 2005, GM Sign sued Franklin Bank in the Circuit Court of Lake County, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; conversion; and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Franklin Bank removed the case to this court on July 5, 2005. GM Sign voluntarily dismissed the complaint, without prejudice, on July 21. The very same day, GM Sign refiled the case in Lake County, and Franklin Bank re-removed it to this court on August 26. Franklin Bank then moved for dismissal on grounds of insufficiency of service, contending that GM Sign had served one of its employees who was neither a registered agent nor an attorney for Franklin Bank. The motion was granted, and the case was dismissed without prejudice.

On November 14, 2005, GM Sign filed its claims a third time in Lake County Circuit Court. After Franklin Bank was served in January 2006, it once more removed the case to this court. On June 20, 2006, GM Sign filed the currently operative complaint, which contains a single count alleging violation of the TCPA and seeks only money damages.

In September 2006, Franklin Bank filed a third-party complaint against ActiveCore for breach of contract, indemnification, contribution, and declaratory

judgment. When ActiveCore did not appear to defend against the complaint, Franklin Bank sought and received an entry of default against it.

The parties engaged in extensive discovery proceedings, which have been completed. GM Sign now requests certification of a class containing all persons who, during the four-year period prior to the filing of the action, were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Franklin Bank for whom Franklin Bank cannot provide evidence of prior express permission or invitation for the sending of such messages.

## LEGAL STANDARD

Fed. R. Civ. P. 23 governs class actions brought in the federal courts. A party seeking to certify a class must first establish the four prerequisites listed in Rule 23(a): the number of class members must be sufficiently large to render joinder impracticable; common questions of law or fact must be implicated by the class claims; the class representative's claim or defense must be of the same type as those asserted by the class; and the class representative must be able to fairly and adequately protect the class's interests. If each of these four factors can be shown, the party seeking class certification must then go on to show that the action is maintainable under one of the three sections of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614,

117 S. Ct. 2231, 2245 (1997). Rule 23(b)(3) permits certification of a class if the common legal or factual questions predominate over individualized issues and if the class action method is superior to alternative means of adjudicating the controversy. Moreover, the class must be identifiable as a class. *Oshana v. Coca-Cola, Inc.*, 472 F.3d 506, 513 (7th Cir. 2006).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

We initially note that the procedural history recited above presents significant concerns for this court in regard to GM Sign's conduct in pursuing this litigation. Particularly alarming is GM Sign's refiling of the case in the state court from which it had been removed the very same day that it voluntarily dismissed the case in this court. Moreover, in the third complaint filed in the Lake County Circuit Court, GM Sign expressly disclaimed any class recovery in excess of $5 million, inclusive of all damages and fees, and stated that "the class will not settle or accept more than $5,000,000.00 in the aggregate." It is surely no coincidence that $5 million is the jurisdictional floor for cases removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), another ground that Franklin Bank had asserted as a basis for removal. The overall impression that emerges from the events described is one of

a concerted effort to defeat a legitimate exercise of Franklin Bank's right to proceed in a federal forum.

The disclaimer does not appear in the currently operative complaint, which was filed after a motion to remand was considered and denied. However, the fact that it was initially made, even before a class was certified, is a matter of some concern. If a class of over 100,000 persons were certified as GM Sign requests, the statutory damage amount would exceed the $5 million mark, exclusive of any fee award. Moreover, the disclaimer would remove any possibility that the class could pursue a theory that Franklin Bank acted in a willful manner, which would permit them to seek treble damages and would carry the potential damage award to more than $15 million. While we express no opinion on the ability of a class to obtain such an amount, the willingness of the putative class representative and counsel to disclaim these amounts on behalf of absent members of a class that has not been defined or certified for the apparent purpose of defeating federal jurisdiction raises questions as to the ability of the current plaintiff to adequately represent the interests of the class as a whole. Def.'s Notice of Removal, Case No. 06 C 949, Ex. 5.

In its current form, however, the motion for class certification suffers from a more immediate deficiency. As Franklin Bank points out, a class must be identifiable

as a class before an action can be certified. *Oshana*, 472 F.3d at 513. The class definition GM Sign has proposed is unworkable for three reasons.

First, the class definition requires that the injury to the class member must have occurred "during the four-year period prior to the filing of the action." Three dates could potentially be considered as the date upon which this action was filed: May 10, 2005; July 21, 2005; or November 14, 2005. Though the parties have not discussed the issue, the potential pool of class members could change depending on which of these dates is deemed to be the filing date. For instance, if May 10 is used, more than half of the putative plaintiffs GM Sign includes in its summary Franklin Bank's faxing activities drop out. Pl.'s Br. in Supp. of Class Cert., at 3-4. In addition, operative sections of the TCPA were amended on July 9, 2005; the changes to the statute could alter considerations pertaining to the requirements of commonality, typicality, and superiority, depending on which date is used as the terminus of the four-year period.

Second, the proposed class definition improperly includes a component of a lack of defense, namely proof of express permission or invitation prior to the receipt of the fax advertisement. Such a formulation would require Franklin Bank to mount a defense before a prima facie case of liability is established.

Third, the proposed definition contains two components that would be outside the knowledge of potential class members, making it impossible for them to ascertain

their membership within the class: that a person was sent an allegedly unlawful fax message, and that Franklin Bank cannot provide evidence of that person's permission or invitation for the fax to be sent. A potential plaintiff would know only whether he or she received the fax, not whether it was sent, and a potential plaintiff would have no way to determine what evidence Franklin Bank could marshal with regard to permission or invitation.

In light of the difficulties presented by the proposed class definition, there is no present need to examine other arguments raised by the parties.

## CONCLUSION

Based on the foregoing, the motion for class certification is denied without prejudice.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:  December 13, 2007