UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| FRANKLIN BANK. S.S.B., | ) ) | 06 C 949 |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ACTIVECORE TECHNOLOGIES, INC., | ) ) | |
| Third-Party Defendant. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff G.M. Sign, Inc. ("GM Sign") to certify a class of plaintiffs in its suit against Defendant Franklin Bank, SSB. For the reasons set forth below, the motion is denied without prejudice.

### **BACKGROUND**

In 2005, Franklin Bank contracted with ActiveCore, a Canadian faxing company, to fax form advertisements to businesses in Illinois, Ohio, West Virginia, Maryland,

Georgia, Virginia, North Carolina, South Carolina, Kentucky, Florida, and Colorado. GM Sign is an Illinois business that received one of the fax advertisements sent by ActiveCore on behalf of Franklin Bank on March 29, 2005. The message was a single page and contained both text and images advertising mortgage refinancing and debt consolidation loan programs.

On November 14, 2005, GM Sign sued Franklin Bank in the Circuit Court of Lake County, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; conversion; and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. After Franklin Bank was served in January 2006, it removed the case to this court. On June 20, 2006, GM Sign filed the currently operative complaint, which contains a single count alleging violation of the TCPA and seeks only money damages.

In September 2006, Franklin Bank filed a third-party complaint against ActiveCore for breach of contract, indemnification, contribution, and declaratory judgment. When it did not appear to defend against the complaint, Franklin Bank sought and received an entry of default against ActiveCore.

Upon the parties' completion of discovery, GM Sign moved for certification of a class of all persons who, during the four-year period prior to the filing of the action, were sent telephone facsimile messages of material advertising the commercial

availability of any property, goods, or services by or on behalf of Franklin Bank for whom Franklin Bank cannot provide evidence of prior express permission or invitation for the sending of such messages. The motion was denied without prejudice on grounds that the proposed class was not identifiable for reasons set forth in our opinion. *G.M. Sign v. Franklin Bank*, Case No. 06 C 949, Document No. 121 (N.D. Ill. Dec. 13, 2007). GM Sign then filed a second certification motion with a revised proposed definition. The second motion was not accompanied by particularized support for GM Sign's assertion that the new class satisfied all of the requirements of Fed. R. Civ. P. 23, and it was against denied without prejudice. *G.M. Sign v. Franklin Bank*, Case No. 06 C 949, Document No. 137 (N.D. Ill. Apr. 16, 2008).

GM Sign has now filed a third motion for certification, this time of a class of all persons who received a fax between December 2004 and June 2005 that advertised mortgage refinancing or debt consolidation loan programs and that instructed the recipient to "Call the experts for a free analysis" at "1-877-907-SAVE" or "1-877-489-8777" or "1-410-349-4220."

## LEGAL STANDARD

Fed. R. Civ. P. 23 governs class actions brought in the federal courts. A party seeking to certify a class must first establish the four prerequisites listed in Rule 23(a): the number of class members must be sufficiently large to render joinder impracticable;

common questions of law or fact must be implicated by the class claims; the class representative's claim or defense must be of the same type as those asserted by the class; and the class representative must be able to fairly and adequately protect the class's interests. If each of these four factors can be shown, the party seeking class certification must then go on to show that the action is maintainable under one of the three sections of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 2245 (1997). Rule 23(b)(3) permits certification of a class if the common legal or factual questions predominate over individualized issues and if the class action method is superior to alternative means of adjudicating the controversy. Moreover, the class must be identifiable as a class. *Oshana v. Coca-Cola, Inc.*, 472 F.3d 506, 513 (7th Cir. 2006).

With these principles in mind, we turn to the instant motion.

## DISCUSSION

The most recent proposed class definition addresses the deficiencies identified in our prior opinion in that it now refers to an identifiable period of time, does not include information that would be outside the knowledge of the putative class members, and has removed the reference to evidence of the absence of a defense. However, rather than replacing the language regarding the absence of the defense with a reference to the lack of permission or consent that is an element of the prima facie case for a TCPA

claim, GM Sign has simply left that aspect out of the class definition. Under the current proposed definition, the class would include persons who consented to receiving fax advertisements from Franklin Bank, who would not have a TCPA claim, as well as persons who did not consent, who would have a TCPA claim. A definition restricted to persons who received a fax between December 2004 and June 2005 that advertised mortgage refinancing or debt consolidation loan programs and that instructed the recipient to "Call the experts for a free analysis" at "1-877-907-SAVE" or "1-877-489-8777" or "1-410-349-4220" and who had not previously consented to receiving such advertisements would eliminate this problem. Such a formulation includes all necessary aspects of a prima facie case, all of which would be within the personal knowledge of the putative class members without any need for independent information from Franklin Bank. However, since the current proposed definition does not include the crucial ingredient of lack of consent, the motion for class certification must once again be denied.

On the assumption that GM Sign will file a fourth motion, we also note that the portion of its brief requesting appointment as class counsel provided none of the information identified as pertinent in Fed. R. Civ. P. 23(g), which is a necessary prerequisite to any consideration of such a request.

## CONCLUSION

Based on the foregoing, GM Sign's third motion for class certification is denied without prejudice.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:  June 11, 2008